**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN WILLIAM ZUPANCIC | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| OLIVER C. JOSEPH, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff John William Zupancic, by and through the undersigned counsel, and for his Complaint against Defendant Oliver C. Joseph, Inc., under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), states as follows:

## INTRODUCTION

1. Defendant operates a car dealership in Belleville, Illinois. As a primary part of marketing their products and services, Defendant places calls to previous consumers nationwide.

2. Unfortunately, Defendant does not obtain prior express written consent to place these autodialed telemarketing calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls exactly like the ones alleged in this case. Defendant placed these autodialed calls despite the fact that Plaintiff never provided Defendant with prior express written consent to receive them.

4. By placing the autodialed calls at issue, Defendant has violated the privacy and statutory rights of Plaintiff and caused him to suffer actual harm by subjecting him to

the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls.

5. Plaintiff therefore seeks an injunction requiring Defendant to stop using an autodialer to place telemarketing calls to cell phones, as well as an award of actual and statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff John Zupancic ("Plaintiff") is a resident of the State of Missouri.

7. Defendant Oliver C. Joseph Inc., ("Defendant") is a corporation organized and existing under the laws of the State of Illinois doing business at 3795 West State Route 15, Belleville, IL 62226.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant because Defendant transacts business within this state, has made contracts within this state, and/or has committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Illinois

9. This court has jurisdiction of the federal claim under 47 U.S.C. § 227.

10. Venue is proper because a substantial part of the events, actions, and omissions of Defendant, which give rise to the claims and subject Defendant to liability for this telemarking campaign, occurred in this district pursuant to 47 U.S.C. § 227(e)(6)(E)(i).

11. Plaintiff John Zupancic is an individual located in Alachua County, Florida.

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Defendant made autodialed calls from its call center to Plaintiff without

express consent.

14. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## TCPA BACKGROUND

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

16. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> - - -
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

***The TCPA bans autodialer calls to cell phones***

17. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

18. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system ("autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

***The TCPA imposes vicarious liability on third-parties who do not physically dial the calls***

19. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Sections 227(b) and 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *In re Joint Pet. Filed by Dish Network, LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

20. A seller is liable under Sections 227(b) and (c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

21. Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

a. Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including…access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information,"

b. Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems,"

c. Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark,"

d. Whether the "seller approved, wrote or reviewed the outside entity's telemarketing scripts," and

e. "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct." *Id.* ¶ 46.

**FACTUAL ALLEGATIONS**

22. Defendant operates a dealership in Belleville, Illinois.

23. Defendant has a call center that makes calls to previous customers to trade in their current vehicle and/or look at a new vehicles.

24. To increase the sales of their vehicles, Defendant implemented a campaign to make telemarketing calls to previous consumers around the country.

25. Defendant's call center made these telemarketing calls at issue by utilizing an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

26. Unfortunately, Defendant fails to obtain any prior express written consent from consumers before bombarding their cellular telephones with autodialed telemarketing

calls.

27. Defendant places these calls from numerous spoofed phone numbers with area codes from around the country. That is, Defendant used various techniques to obscure the true phone numbers from which they were calling.

28. These autodialed telephone calls to consumers' cellular telephone numbers constituted commercial advertising and telemarketing as contemplated by the TCPA. Namely, the calls at issue promoted the sale of Defendants' auto warranties to thousands of consumers.

29. Defendant knowingly placed (and continue to place) these autodialed telemarketing calls to cellular telephones without the prior express written consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiff, but also intentionally and repeatedly violated the TCPA.

30. On or about September 18, 2017, Mr. Zupancic began receiving phone calls to his cellular telephone from telemarketing representatives calling from Defendant.

31. During the initial telephone call, the telemarking representative from Defendant attempted to sell Mr. Zupancic a new vehicle or have him come into the dealership to look at and purchase a new vehicle.

32. The number displayed on the Plaintiff's caller ID for the call was (618) 214-0089.

33. Defendant also used other numbers, including but not limited to (618) 352-1087.

34. This call interrupted Mr. Zupancic while he was working and/or in school.

35. When the call connected, there was an audible click from the receiver. After a significant pause, the calling party began speaking to Mr. Zupancic.

36. During the call, Mr. Zupancic was informed that the call was being placed from Defendant.

37. During the call, Mr. Zupancic expressly told Defendant that he did not wanted to be contacted anymore.

38. In fact, Plaintiff was told by Defendant that he could not get removed from the call list without prior manager approval.

39. Mr. Zupancic spoke with different representatives of Defendant each time.

40. Despite this, upon information and belief, Plaintiff has received over twenty (20) autodialed telemarketing calls to his cellular telephone.

41. Oliver C. Joseph, Inc. uses telemarketing to generate sales.

42. Oliver C. Joseph, Inc. has control or had the right to control these call centers.

43. Oliver C. Joseph, Inc. has received complaints about illegal telemarketing calls from third parties telemarketing on its behalf and has failed to take adequate steps to end this illegal conduct.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of the Defendant constitutes violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

46. Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's telephone number assigned to a cellular telephone

service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

47. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

c. Both such actions.

48. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

49. The TCPA is a strict liability statute and Defendant is liable to Plaintiff even if their actions were only negligent.

50. Defendant knew or should have known that: (a) Plaintiff had not given express permission or invitation for Defendant or anyone else to initiate a telephone call using an automated dialing system to Plaintiff's telephone number assigned to a cellular telephone service to solicit advertisements about Defendant's goods or services; and, (b) Plaintiff expressly revoked his consent to be contacted by Defendant.

51. If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

52. Plaintiff is also entitled to and does seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

C. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff seeks $500 in statutory damages for each and every call that violated the TCPA;

D. A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

E. An award of costs and such further relief as the Court may deem just and proper;

F. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

G. That this Court award Plaintiff its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

H. Such other relief as this Court may deem just and proper.

Dated: February 12, 2018

Respectfully Submitted,

**HALVORSEN KLOTE**

By: **/s/ Gregory M. Klote**

Joel S. Halvorsen, #67032
Gregory M. Klote, #6319301
680 Craig Road
Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
greg@hklawstl.com

*Attorneys for Plaintiff*